**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DENISE RICHARDSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| FREEDOM PATH HINES II LIMITED | ) | |
| PARTNERSHIP, HINES VETERANS | ) | |
| RESIDENCES LIMITED PARTNERSHIP, | ) | Jury Trial Demanded |
| AFFORDABLE HOUSING | ) | |
| SOLUTIONS, INC., CFV HINES II | ) | |
| VETERAN RESIDENCES, LLC, | ) | |
| BENEFICIAL COMMUNITIES, LLC | ) | |
| and/or OTHER UNKNOWN | ) | |
| OWNERS, UNKNOWN AGENTS, | ) | |
| and UNKNOWN DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, DENISE RICHARDSON, by and through her attorneys Peter A. Cantwell, Esq. and Eliot D. Hellman, for her Complaint against Defendants, THE UNITED STATES OF AMERICA, FREEDOM PATH HINES II LIMITED PARTNERSHIP, HINES VETERANS RESIDENCES LIMITED PARTNERSHIP, AFFORDABLE HOUSING SOLUTIONS, INC., CFV HINES II VETERAN RESIDENCES, LLC, BENEFICIAL COMMUNITIES, LLC and/or UNKNOWN OWNERS, UNKNOWN AGENTS, and UNKNOWN DEFENDANTS, states as follows:

### INTRODUCTION

1. On March 24, 2018, the Plaintiff, Denise Richardson, was gravely injured as a result of slipping and falling on a puddle of liquid on the floor at the Extended Care Center ("ECC") of

1

the Edward Hines, Jr. Department of Veterans Affairs Hospital. ("the Hospital") At the time of her accident, Ms. Richardson was visiting her brother, who is a resident of the ECC.

2.  As she walked down an interior hallway, Ms. Richardson suddenly, and inexplicably, felt her legs slide out from under her, and she toppled to the floor. It was only after her fall that Ms. Richardson noticed a liquid that had pooled on the floor. Ms. Richardson also noticed that the liquid was emanating from a break room or snack room situated off the hallway.

3.  The ECC occupies its own, free-standing building that is situated on a parcel of land owned by the United States Department of Veterans Affairs. ("the Department") As a federal agency, the Department's status as landowner makes the United States subject to suit, pursuant to the Federal Tort Claims Act.

4.  In addition to its location on the general medical campus owned entirely by the Department, and its affiliation with the Hospital, the ECC is also subject to various lease and management interests held by the other Defendants, Freedom Path Hines II Limited Partnership, Hines Veterans Residences Limited Partnership, Affordable Housing Solutions, Inc., CFV Hines II Veteran Residences, LLC, and Beneficial Communities, LLC.

## JURISDICTION AND VENUE

5.  Pursuant to 28 U.S.C. §1346(b), also known as the Federal Tort Claims Act ("FTCA"), and 28 U.S.C. § 2671 this Court has original jurisdiction over Plaintiff's causes of action for the negligent or wrongful acts or omissions of an employee of the United States government.

6.  Pursuant to 28 U.S.C. § 2675, the Plaintiff filed a claim for damages with the Department on April 12, 2019, alleging that she was injured while on the premises of the Hospital, a property owned by the Department. (Ex. A)

7.  The Plaintiff's claim was denied by the Department on December 30, 2019 (Ex. B), thus

2

satisfying the jurisdictional requirements imposed by 28 U.S.C. § 2675.

8. Pursuant to 28 U.S.C. § 1391, venue properly lies in the Northern District of Illinois because all of the events giving rise to Plaintiff's claims occurred in Cook County, Illinois.

9. Pursuant to § 42 U.S.C. 1367, this Court also has the power to hear and adjudicate the plaintiff's concurrent claims arising under state law.

**PARTIES**

10. At all times relevant herein, Plaintiff, DENISE RICHARDSON, was and still is a resident of the Village of Elmwood Park, County of Cook, and State of Illinois.

11. At all times relevant herein, the Department was a federal agency of the UNITED STATES OF AMERICA.

12. At all times relevant herein, FREEDOM PATH HINES II LIMITED PARTNERSHIP, was an Illinois limited partnership, organized and existing under the laws of the State of Illinois, and was licensed and authorized to transact business in the State of Illinois and was in fact transacting business in this State.

13. At all times relevant herein, CFV HINES II VETERAN RESIDENCES, LLC, was an Illinois limited liability company, organized and existing under the laws of the State of Illinois, and was licensed and authorized to transact business in the State of Illinois and was in fact transacting business in this State.

14. At all times relevant herein, HINES VETERANS RESIDENCES LIMITED PARTNERSHIP was a foreign limited partnership, organized and existing under the laws of the State of Florida, and was licensed and authorized to transact business in the State of Illinois and was in fact transacting business in this State.

15. At all times relevant herein, AFFORDABLE HOUSING SOLUTIONS, INC. was a

3

foreign not-for-profit corporation, organized and existing under the laws of the State of Georgia, and was licensed and authorized to transact business in the State of Illinois and was in fact transacting business in this State.

16. At all times relevant herein, BENEFICIAL COMMUNITIES, LLC was a foreign limited liability company, organized and existing under the laws of the State of Florida, and was licensed and authorized to transact business in the State of Illinois and was in fact transacting business in this State.

17. Upon information and belief, UNKNOWN OWNERS and UNKNOWN DEFENDANTS held and continue to hold an ownership interest in the Premises, and at all times relevant herein, UNKNOWN OWNERS and UNKNOWN DEFENDANTS owned, operated, managed, maintained, and controlled the Premises.

## **BACKGROUND**

18. The Department is the rightful owner of a property encompassing more than 200 acres in Hines, Illinois, generally bordered by Roosevelt Rd. to the north, South 9th Avenue to the west, South 1st Avenue to the east, and train tracks owned by the Canadian National Railway to the south. ("the Property") Situated upon the Property are numerous buildings that can be generally organized into two groups: The Edward Hines VA Hospital ("the Hines VA") and its associated buildings and offices (together "the Hines Campus") and the University of Loyola Medical Center ("Loyola"), and its associated buildings and offices. (together "the Loyola Campus")

19. On March 24, 2018, Plaintiff entered onto the Property and made her way to the Hines Campus for the purpose visiting her brother who is a resident of the Hines VA Extended Care Center, located in Building 217. ("the ECC" or "the Premises")

20. At all times relevant herein, Plaintiff was lawfully upon the Premises as an invitee.

4

21. While inside the Premises, the Plaintiff was walking down an interior, common hallway where, unbeknownst to her, a puddle of water or other liquid had formed on the floor.

22. Despite walking at a reasonable pace and exercising due care for her own safety, the Plaintiff did not observe or detect the puddle of liquid. As she proceeded down the hallway, Plaintiff inadvertently stepped in the puddle, causing her to slip, lose her balance, and topple to the floor causing injury to her shoulder and back, among other things.

23. Prior to her fall, Plaintiff had no reason to expect she would encounter a puddle of liquid in the otherwise clean corridors of a medical facility. Warning signs were not erected or posted in the hallway, and Plaintiff made no observations indicating that the floor was wet and slippery.

24. Immediately after the fall, Plaintiff examined her surroundings and noted that she had slipped in a puddle of liquid, which she believed at the time to be water. She further noted that the puddle had formed as a result of liquid that appeared to be emanating from a nearby snack room or break room.

### COUNT I – NEGLIGENCE
### (UNITED STATES OF AMERICA)

25. Plaintiff incorporates, restates and re-alleges paragraphs 1 through 24 as though fully set forth herein. At all times relevant herein, Defendant UNITED STATES OF AMERICA, through its federal agency, the Department, owned, operated, managed, maintained, and controlled the Premises.

26. At the time and place alleged above, Defendant, its employees and agents, had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the Premises, including but not limited to the interior hallways of the ECC.

27. Contrary to and in breach of the aforesaid duty, Defendant, its employees and agents, committed one or more of the following negligent acts or omissions:

a. Failed to inspect the Premises to ascertain the presence of the liquid substance where Plaintiff fell.

b. Caused or allowed a liquid substance to be present in the hallway presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such liquid substance.

c. Failed to timely and properly maintain the hallway so as to provide a safe walking surface.

d. Failed to provide any type of warning concerning the unsafe condition of the hallway of the Premises when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of those lawfully upon the premises, including the Plaintiff.

e. Failed to properly remove the liquid substance that had accumulated on the floor of the hallway where Plaintiff was caused to fall.

f. Failed to make reasonable inspection of the Premises, including but not limited to the hallway, when it knew or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on the Premises;

g. Allowed the hallway to remain in a dangerously slippery condition, making it unfit for passage, for an unreasonable length of time;

h. Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment.

28. As a direct and proximate result of one or more of said wrongful acts or omissions of the Defendant, the UNITED STATES OF AMERICA, the Plaintiff, DENISE RICHARDSON, sustained injuries of a personal, pecuniary and permanent nature and was injured, both physically and mentally, and has suffered and will in the future suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement, all of which injuries are permanent; and the Plaintiff has been and will be prevented from attending to her ordinary affairs and duties, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, the Plaintiff, DENISE RICHARDSON, prays for judgment against the

Defendant, the UNITED STATES OF AMERICA, in an amount to be determined at trial, plus costs of this suit, and all other just and equitable relief.

## COUNT II – Negligence
FREEDOM PATH HINES II LIMITED PARTNERSHIP

29. Plaintiff incorporates, restates and re-alleges paragraphs 1 through 24 as though fully set forth herein. At all times relevant herein, Defendant, owned, operated, managed, maintained, and controlled the Premises.

30. At the time and place alleged above, Defendant, FREEDOM PATH HINES II LIMITED PARTNERSHIP, its employees and agents, had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the Premises, including but not limited to the interior hallways of the ECC.

31. Contrary to and in breach of the aforesaid duty, Defendant, its employees and agents, committed one or more of the following negligent acts or omissions:

      a. Failed to inspect the Premises to ascertain the presence of the liquid substance where Plaintiff fell.

      b. Caused or allowed a liquid substance to be present in the hallway presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such liquid substance.

      c. Failed to timely and properly maintain the hallway so as to provide a safe walking surface.

      d. Failed to provide any type of warning concerning the unsafe condition of the hallway of the Premises when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of those lawfully upon the premises, including the Plaintiff.

      e. Failed to properly remove the liquid substance that had accumulated on the floor of the hallway where Plaintiff was caused to fall.

      f. Failed to make reasonable inspection of the Premises, including but not limited to the hallway, when it knew or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to the Plaintiff and others

lawfully on the Premises;

g.  Allowed the hallway to remain in a dangerously slippery condition, making it unfit for passage, for an unreasonable length of time;

h.  Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment.

32. As a direct and proximate result of one or more of said wrongful acts or omissions of the Defendant, the Plaintiff, DENISE RICHARDSON, sustained injuries of a personal, pecuniary and permanent nature and was injured, both physically and mentally, and has suffered and will in the future suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement, all of which injuries are permanent; and the Plaintiff has been and will be prevented from attending to her ordinary affairs and duties, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, the Plaintiff, DENISE RICHARDSON, prays for judgment against the Defendant, the FREEDOM PATH HINES II LIMITED PARTNERSHIP, in an amount to be determined at trial, plus costs of this suit, and all other just and equitable relief.

## COUNT III - NEGLIGENCE
### (HINES VETERANS RESIDENCES LIMITED PARTNERSHIP)

33. Plaintiff incorporates, restates and re-alleges paragraphs 1 through 24 as though fully set forth herein.  At all times relevant herein, Defendant, owned, operated, managed, maintained, and controlled the Premises.

34. At the time and place alleged above, Defendant, HINES VETERANS RESIDENCES LIMITED PARTNERSHIP, its employees and agents, had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the Premises, including but not limited to the interior hallways of the ECC.

35. Contrary to and in breach of the aforesaid duty Defendant, its employees and agents,

8

committed one or more of the following negligent acts or omissions:

    a.  Failed to inspect the Premises to ascertain the presence of the liquid substance where Plaintiff fell.

    b.  Caused or allowed a liquid substance to be present in the hallway presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such liquid substance.

    c.  Failed to timely and properly maintain the hallway so as to provide a safe walking surface.

    d.  Failed to provide any type of warning concerning the unsafe condition of the hallway of the Premises when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of those lawfully upon the premises, including the Plaintiff.

    e.  Failed to properly remove the liquid substance that had accumulated on the floor of the hallway where Plaintiff was caused to fall.

    f.  Failed to make reasonable inspection of the Premises, including but not limited to the hallway, when it knew or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on the Premises;

    g.  Allowed the hallway to remain in a dangerously slippery condition, making it unfit for passage, for an unreasonable length of time;

    h.  Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment.

36. As a direct and proximate result of one or more of said wrongful acts or omissions of the Defendant, the Plaintiff, DENISE RICHARDSON, sustained injuries of a personal, pecuniary and permanent nature and was injured, both physically and mentally, and has suffered and will in the future suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement, all of which injuries are permanent; and the Plaintiff has been and will be prevented from attending to her ordinary affairs and duties, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, the Plaintiff, DENISE RICHARDSON, prays for judgment against the

Defendant, HINES VETERANS RESIDENCES LIMITED PARTNERSHIP, in an amount to be determined at trial, plus costs of this suit, and all other just and equitable relief.

## COUNT IV - NEGLIGENCE
### (AFFORDABLE HOUSING SOLUTIONS, INC.)

37. Plaintiff incorporates, restates and re-alleges paragraphs 1 through 24 as though fully set forth herein.  At all times relevant herein, Defendant, owned, operated, managed, maintained, and controlled the Premises.

38. At the time and place alleged above, Defendant, AFFORDABLE HOUSING SOLUTIONS, INC., its employees and agents, had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the Premises, including but not limited to the interior hallways of the ECC.

39. Contrary to and in breach of the aforesaid duty, Defendant, its employees and agents, committed one or more of the following negligent acts or omissions:

    a. Failed to inspect the Premises to ascertain the presence of the liquid substance where Plaintiff fell.

    b. Caused or allowed a liquid substance to be present in the hallway presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such liquid substance.

    c. Failed to timely and properly maintain the hallway so as to provide a safe walking surface.

    d. Failed to provide any type of warning concerning the unsafe condition of the hallway of the Premises when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of those lawfully upon the premises, including the Plaintiff.

    e. Failed to properly remove the liquid substance that had accumulated on the floor of the hallway where Plaintiff was caused to fall.

    f. Failed to make reasonable inspection of the Premises, including but not limited to the hallway, when it knew or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to the Plaintiff and

others lawfully on the Premises;

g.  Allowed the hallway to remain in a dangerously slippery condition, making it unfit for passage, for an unreasonable length of time;

h.  Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment.

40. As a direct and proximate result of one or more of said wrongful acts or omissions of the Defendant, the Plaintiff, DENISE RICHARDSON, sustained injuries of a personal, pecuniary and permanent nature and was injured, both physically and mentally, and has suffered and will in the future suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement, all of which injuries are permanent; and the Plaintiff has been and will be prevented from attending to her ordinary affairs and duties, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, the Plaintiff, DENISE RICHARDSON, prays for judgment against the Defendant, the AFFORDABLE HOUSING SOLUTIONS, INC., in an amount to be determined at trial, plus costs of this suit, and all other just and equitable relief.

## COUNT V - NEGLIGENCE
### (CFV HINES II VETERAN RESIDENCES, LLC)

41. Plaintiff incorporates, restates and re-alleges paragraphs 1 through 24 as though fully set forth herein.  At all times relevant herein, Defendant, owned, operated, managed, maintained, and controlled the Premises.

42. At the time and place alleged above, Defendant, CFV HINES II VETERAN RESIDENCES, LLC, its employees and agents, had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the Premises, including but not limited to the interior hallways of the ECC.

43. Contrary to and in breach of the aforesaid duty Defendant, its employees and agents,

11

committed one or more of the following negligent acts or omissions:

    a. Failed to inspect the Premises to ascertain the presence of the liquid substance where Plaintiff fell.

    b. Caused or allowed a liquid substance to be present in the hallway presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such liquid substance.

    c. Failed to timely and properly maintain the hallway so as to provide a safe walking surface.

    d. Failed to provide any type of warning concerning the unsafe condition of the hallway of the Premises when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of those lawfully upon the premises, including the Plaintiff.

    e. Failed to properly remove the liquid substance that had accumulated on the floor of the hallway where Plaintiff was caused to fall.

    f. Failed to make reasonable inspection of the Premises, including but not limited to the hallway, when it knew or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on the Premises;

    g. Allowed the hallway to remain in a dangerously slippery condition, making it unfit for passage, for an unreasonable length of time;

    h. Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment.

44. As a direct and proximate result of one or more of said wrongful acts or omissions of the Defendant, the Plaintiff, DENISE RICHARDSON, sustained injuries of a personal, pecuniary and permanent nature and was injured, both physically and mentally, and has suffered and will in the future suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement, all of which injuries are permanent; and the Plaintiff has been and will be prevented from attending to her ordinary affairs and duties, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, the Plaintiff, DENISE RICHARDSON, prays for judgment against the

Defendant, the CFV HINES II VETERAN RESIDENCES, LLC, in an amount to be determined at trial, plus costs of this suit, and all other just and equitable relief.

**COUNT VI - NEGLIGENCE**
**(BENEFICIAL COMMUNITIES, LLC)**

45. Plaintiff incorporates, restates and re-alleges paragraphs 1 through 24 as though fully set forth herein. At all times relevant herein, Defendant, owned, operated, managed, maintained, and controlled the Premises.

46. At the time and place alleged above, Defendant, BENEFICIAL COMMUNITIES, LLC, its employees and agents, had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the Premises, including but not limited to the interior hallways of the ECC.

47. Contrary to and in breach of the aforesaid duty Defendant, its employees and agents, committed one or more of the following negligent acts or omissions:

    a. Failed to inspect the Premises to ascertain the presence of the liquid substance where Plaintiff fell.

    b. Caused or allowed a liquid substance to be present in the hallway presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such liquid substance.

    c. Failed to timely and properly maintain the hallway so as to provide a safe walking surface.

    d. Failed to provide any type of warning concerning the unsafe condition of the hallway of the Premises when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of those lawfully upon the premises, including the Plaintiff.

    e. Failed to properly remove the liquid substance that had accumulated on the floor of the hallway where Plaintiff was caused to fall.

    f. Failed to make reasonable inspection of the Premises, including but not limited to the hallway, when it knew or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to the Plaintiff and

others lawfully on the Premises;

    g.  Allowed the hallway to remain in a dangerously slippery condition, making it unfit for passage, for an unreasonable length of time;

    h.  Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment.

48. As a direct and proximate result of one or more of said wrongful acts or omissions of the Defendant, the Plaintiff, DENISE RICHARDSON, sustained injuries of a personal, pecuniary and permanent nature and was injured, both physically and mentally, and has suffered and will in the future suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement, all of which injuries are permanent; and the Plaintiff has been and will be prevented from attending to her ordinary affairs and duties, and has become liable for certain sums of money for medical care and attention.

WHEREFORE, the Plaintiff, DENISE RICHARDSON, prays for judgment against the Defendant, the BENEFICIAL COMMUNITIES, LLC, in an amount to be determined at trial, plus costs of this suit, and all other just and equitable relief.

### COUNT VII - NEGLIGENCE
### (UNKNOWN OWNERS, AGENTS, AND DEFENDANTS)

49. Plaintiff incorporates, restates and re-alleges paragraphs 1 through 24 as though fully set forth herein. At all times relevant herein, Defendant, owned, operated, managed, maintained, and controlled the Premises.

50. At the time and place alleged above, Defendants, UNKNOWN OWNERS, UNKNOWN AGENTS, AND UNKNOWN DEFENDANTS, their employees and agents, had a duty to use reasonable care in the ownership, operation, management, maintenance, and control of the Premises, including but not limited to the interior hallways of the ECC.

51. Contrary to and in breach of the aforesaid duty, Defendant(s), their employees and

14

agents, committed one or more of the following negligent acts or omissions:

    a. Failed to inspect the Premises to ascertain the presence of the liquid substance where Plaintiff fell.

    b. Caused or allowed a liquid substance to be present in the hallway presenting an unreasonably dangerous condition, when it knew or should have known of the presence of such liquid substance.

    c. Failed to timely and properly maintain the hallway so as to provide a safe walking surface.

    d. Failed to provide any type of warning concerning the unsafe condition of the hallway of the Premises when it knew, or in the exercise of ordinary care should have known, that a warning was necessary for the safety of those lawfully upon the premises, including the Plaintiff.

    e. Failed to properly remove the liquid substance that had accumulated on the floor of the hallway where Plaintiff was caused to fall.

    f. Failed to make reasonable inspection of the Premises, including but not limited to the hallway, when it knew or in the exercise of ordinary care, should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on the Premises;

    g. Allowed the hallway to remain in a dangerously slippery condition, making it unfit for passage, for an unreasonable length of time;

    h. Was otherwise careless and/or negligent in the ownership, operation, maintenance, and management of the subject establishment.

52. As a direct and proximate result of one or more of said wrongful acts or omissions of the Defendants, the Plaintiff, DENISE RICHARDSON, sustained injuries of a personal, pecuniary and permanent nature and was injured, both physically and mentally, and has suffered and will in the future suffer great physical and emotional pain and discomfort, and physical and emotional impairment and disability and physical disfigurement, all of which injuries are permanent; and the Plaintiff has been and will be prevented from attending to her ordinary affairs and duties, and has become liable for certain sums of money for medical care and attention.

    WHEREFORE, the Plaintiff, DENISE RICHARDSON, prays for judgment against the

Defendants, UNKNOWN OWNERS, UNKNOWN AGENTS, AND UNKNOWN

DEFENDANTS, in an amount to be determined at trial, plus costs of this suit, and all other just

and equitable relief.

Respectfully Submitted,
DENISE RICHARDSON

By: /s/Peter A. Cantwell
     One of Her Attorneys

Peter A. Cantwell, Esq.
Eliot D. Hellman, Esq.
CANTWELL & CANTWELL
30 North LaSalle Street, Suite 2850
Chicago, Illinois 60602
(312) 372-3000